NO. 07-07-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 10, 2008

______________________________


BYRON E. SIRES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412540; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a not guilty plea, Appellant, Byron E. Sires, was convicted by a jury of
possession of methamphetamine with intent to deliver, enhanced.


 Punishment was
assessed by the trial court at forty-five years confinement. Appellant raises four issues. 
By his first three issues, Appellant questions whether trial counsel was ineffective for (1)
neither filing a motion to suppress the contraband, nor objecting to its admission at trial;
(2) neither filing a motion to suppress his oral statements regarding the contraband, nor
objecting to their admission into evidence; (3) neither filing a motion to suppress his oral
statements regarding the contraband under article 38.22, § 3(a) of the Texas Code of
Criminal Procedure, nor objecting to their admission into evidence. By his fourth and final
issue, Appellant questions whether the trial court erred in refusing trial counsel’s request
that the jury be charged pursuant to article 38.23 of the Texas Code of Criminal Procedure. 
We affirm.
Background
          On March 28, 2006, Appellant voluntarily went to the Lubbock Police Department
to meet with Corporal Walter Scott and ATF agent, Gary Styers, concerning his agreement
to serve as a confidential informant in undercover investigations of illicit drug activity. 
Appellant, Scott, and Styers engaged in a short, general conversation about the basics of
the proposed working arrangement in one of the police interview rooms. However, no
agreement was fully formalized nor had a written agreement been executed during the
conversation.
          According to Styers, during the course of that conversation, Scott asked Appellant,
“[d]o you have anything on you? I need you to stand up and empty your pockets.” 
Appellant responded, “[o]h, I didn’t know I was going to be searched,” and then reached
into his pocket and pulled out a baggie containing a substance that when tested, amounted
to 4.5 grams of methamphetamine. When Appellant was asked by Scott why he was in
possession of methamphetamine, he replied that he needed money and selling drugs was
the only way he had to make money.
          Scott recalled the events somewhat differently. He could not recall asking Appellant
to empty his pockets but admitted it was possible. Scott’s recollection was that he advised
Appellant that he needed to pat him down for weapons and contraband. Scott
remembered Appellant saying, “[o]h man. I didn’t know I was going to be searched.” Scott
also recalled Appellant saying, “I have to do something to make money.“
          When the meeting commenced, Appellant was not in custody nor was he being
detained. Although the evidence shows that Appellant did not engage in any conduct
necessitating a search, the officers testified that the primary reason Appellant was
“searched” was for safety concerns. Other reasons offered were routine procedure,
unwritten policy, and to protect the integrity of a drug investigation. According to the
officers, after Appellant placed the contraband on the table, he was arrested. Both Styers
and Scott testified they were “shocked” that Appellant came to a meeting at the police
department carrying an illegal substance. 
 

Article 38.23
          Addressing Appellant’s issues in a logical rather than sequential order, we begin
with issue four. By his fourth issue, Appellant challenges the trial court’s denial of defense
counsel’s request that the charge include an instruction pursuant to article 38.23 of the
Texas Code of Criminal Procedure. Article 38.23 provides, in relevant part, as follows:
(a) No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.
 
 In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then and
in such event, the jury shall disregard any such evidence so obtained.
Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). 
          During oral submission of this appeal, the State confessed that a fact issue existed
regarding whether Appellant was asked to empty his pockets or whether he was told he
was going to be searched. Notwithstanding the State’s concession, we conclude that the
facts presented do not implicate a “violation of any provisions of the Constitution or laws
of the State of Texas, or of the Constitution or laws of the United States of America.” Thus,
the trial court did not err in refusing to give the requested instruction.
          The triggering mechanism for an article 38.23 instruction is complex. See
Oursbourn v. State, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008). A defendant must
establish the following requirements: (1) the evidence must raise an issue of fact; (2) the
evidence on that fact must be affirmatively contested; and (3) the contested factual issue
must be material to the lawfulness of the challenged conduct in obtaining the evidence
sought to be excluded. Id. This factual dispute can be raised only by affirmative evidence,
not by mere cross-examination questions or argument. Id. 
          Agent Styers testified during direct examination that Corporal Scott told Appellant,
“I need you to stand up and empty your pockets.” During direct examination, Scott testified
that he told Appellant he needed to pat him down for weapons or contraband. Although
Scott could not recall asking Appellant to empty his pockets, that fact alone does not create
a fact question. Furthermore, assuming arguendo, that a fact issue existed as to whether
or not Appellant was asked to empty his pockets, that issue was never affirmatively
contested. Most importantly though, however, resolution of that issue was not material to
the lawfulness of the challenged conduct in obtaining the evidence.
          Appellant’s position is predicated on the assumption that his production of the
contraband was in response to a police “search” within the context of a constitutional right
to be free from an unreasonable search or seizure. He raises lack of probable cause,
exigent circumstances, and Miranda warnings in support of his argument that he was
harmed by the trial court’s refusal to grant an article 38.23 instruction in the jury charge
because the evidence established that the methamphetamine and his statements were
obtained illegally. We disagree. 
          The protections against unreasonable searches and seizures afforded by the United
States Constitution, Article I, § 9 of the Texas Constitution, and article 38.23 are not
implicated under the facts of this case. Appellant voluntarily went to the police station to
speak with officers about becoming a confidential informant. He was not in custody nor
was he the subject of an investigative detention. Situations that may constitute custody
include (1) when a suspect is physically deprived of his freedom in any significant way; (2)
when a law enforcement officer tells a suspect he cannot leave; (3) when law enforcement
officers create a situation that would lead a reasonable person to believe that his freedom
of movement has been significantly restricted; and (4) when there is probable cause for
arrest and law enforcement officers do not tell the suspect that he is free to leave. See
Dowthitt v. State, 931 S.W.2d 244, 255 (Tex.Crim.App. 1996). None of these
circumstances apply.
          Appellant went to the police department to cooperate with law enforcement as a
confidential informant investigating drug activity. Whether he removed the
methamphetamine from his pocket in response to Scott’s question to empty his pockets
or whether he did so in response to being told he would be searched, his conduct was not
in response to an exercise of police authority. Appellant’s conduct was voluntary and it
could be considered implied consent. A person impliedly consents to a search by
engaging in certain activities that, by their very nature, involve a diminished expectation of
privacy. Brown v. State, 856 S.W.2d 177, 181 (Tex.Crim.App. 1993). Voluntarily agreeing
to work with the police as a confidential informant clearly invokes a diminished expectation
of privacy. We conclude that the material fact issue raised by the evidence in this case
was not material to the lawfulness of the challenged conduct in obtaining the evidence. 
Thus, Appellant was not entitled to an article 38.23 instruction, and the trial court did not
err in refusing to grant one. Issue four is overruled.
Ineffective Assistance of Counsel
          By issues one, two, and three, Appellant contends defense counsel was ineffective
in failing to file a motion to suppress certain evidence and in failing to object to introduction
of that evidence. We disagree.
          A claim of ineffectiveness is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a
defendant must establish that (1) counsel’s performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but
for counsel’s deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Ex parte Ellis, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007); Rylander v. State,
101 S.W.3d 107, 110 (Tex.Crim.App. 2003). In other words, a defendant must
demonstrate by a preponderance of the evidence that the deficient performance prejudiced
his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); Thompson v.
State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of
either deficient performance or sufficient prejudice defeats the ineffectiveness claim. 
Thompson, 9 S.W.3d at 814, citing Strickland, 466 U.S. at 700.
          The adequacy of defense counsel’s assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Thompson, 9
S.W.3d at 814. Although the constitutional right to counsel ensures the right to
reasonably effective counsel, it does not guarantee errorless counsel whose competency
or accuracy of representation is to be judged by hindsight. Robertson v. State, 187
S.W.3d 475, 483 (Tex.Crim.App. 2006). Appellate review of trial counsel’s representation
is highly deferential and presumes that counsel’s conduct fell within the wide range of
reasonable and professional representation. See Andrews v. State, 159 S.W.3d 98, 101
(Tex.Crim.App. 2005). See also Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App.
2002). To defeat the presumption of reasonable professional assistance, any allegation
of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. See Mallett v. State, 65 S.W.3d 59, 63
(Tex.Crim.App. 2001). See also Thompson, 9 S.W.3d at 813-14. However, where the
alleged derelictions are errors of omission de hors the record rather than commission
revealed in the trial record, collateral attack may be the vehicle by which to develop a
detailed record of the alleged ineffectiveness. See Freeman v. State, 125 S.W.3d 505,
506-07 (Tex.Crim.App. 2003). See generally Massaro v. United States, 538 U.S. 500,
123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when a claim of ineffectiveness
is raised on direct appeal, a trial record is usually not sufficiently developed to establish
such a claim).
          The claims of ineffectiveness raised by Appellant on appeal are all alleged errors
of omission beyond the record. No motion for new trial was filed alleging ineffective
assistance of counsel. When ineffective assistance of counsel claims are raised on direct
appeal, the record is undeveloped and cannot adequately reflect the motive behind trial
counsel’s actions. Mallett, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). “Trial counsel should
ordinarily be afforded an opportunity to explain [her] actions before being denounced as
ineffective.” Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005) (quoting
Rylander, 101 S.W.3d at 111). Absent such an opportunity, an appellate court should not
find counsel’s performance deficient unless her conduct was “so outrageous that no
competent attorney would have engaged in it.” Garcia v. State, 57 S.W.3d 436, 440
(Tex.Crim.App. 2001), cert. denied, 537 U.S. 1195, 123 S.Ct. 1351, 154 L.Ed.2d 1030
(2003).
          Appellant alleges trial counsel was ineffective in failing to file a motion to suppress
the methamphetamine and his statements that he intended to sell the methamphetamine
to make money. He also contends there could not have been a sound trial strategy for
failing to attempt to have the evidence suppressed. An allegation of ineffective assistance
in failing to file a motion to suppress places the burden on an appellant to prove that the
motion would have been granted in order to satisfy the Strickland prongs. See Jackson
v. State, 998 S.W.2d 954, 957 (Tex.Crim.App. 1998). See also Roberson v. State, 852
S.W.2d 508, 510-12 (Tex.Crim.App. 1993) (unless there is a showing that a pretrial
motion had merit and that a ruling on the motion would have changed the outcome of the
case, counsel will not be ineffective for failing to assert the motion). Having previously
held that the methamphetamine and Appellant’s statements were lawfully obtained, it is
unlikely that Appellant would have prevailed on a motion to suppress. 
          Appellant further alleges that trial counsel was ineffective in failing to object to the
admission into evidence of the methamphetamine and his statements. When alleging
ineffective assistance of counsel for failure to object, an appellant must demonstrate that
the trial court would have erred in overruling an objection if defense counsel had made
one. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). Appellant does
not argue or demonstrate in his brief that had trial counsel objected to the admission of
the methamphetamine and his statements, the trial court would have erred in overruling
the objections.
          Without a motion for new trial or other opportunity for counsel to defend her
strategy, we decline to find her performance deficient. Based on the totality of the
representation, we are unable to conclude that Appellant has demonstrated that defense
counsel’s performance fell below an objective standard of reasonableness or that
counsel’s conduct was so outrageous that no competent attorney would have engaged
in it. Appellant has failed to meet the first prong of Strickland. Issues one, two, and
three are overruled.
          Accordingly, the trial court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice

 
 
 

Campbell, J., concurring.

 
 
Do not publish.